■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v PRESTON VAILS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1975 (the date on the clerk's extract is May 19, 1975), convicting him of criminal sale of a controlled substance in the first and second degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. We believe that the trial court did not abuse its discretion in denying appellant's request for a severance and a separate trial, because the acts of a coconspirator, committed during the progress of the conspiracy and in furtherance of a common scheme or plan, are admissible and provable as against all coconspirators (see *People v Rastelli,* 37 NY2d 240, and the cases cited therein). Testimony was offered at the trial as to conversations concerning prior transactions, to wit, a $600 debt and the fact that appellant had refused direct payment in the past. The trial court admitted the testimony concerning the debt, but ruled that the conversation as to the method of past payment was inadmissible. We believe that the testimony as to both conversations was admissible under *People v Condon* (26 NY2d 139, 143) and *People v Molineux* (168 NY 264, 293). Crimes not alleged in an indictment may be admitted if offered for a relevant purpose other than to establish a criminal propensity *(People v Jackson,* 39 NY2d 64, 67). Under the particular circumstances of this case, the conversations between the undercover police officer and appellant, regarding the $600 debt and the method of payment, which only tended to indicate prior dealings, were admissible because they were so intertwined with the transactions at bar that it would have been impossible to delete them without impairing the jury's ability to follow the entire transactions, i.e., the haggling over the price and the amount of drugs to be exchanged. The statements were not offered to establish appellant's criminal propensity. Although we believe that the testimony as to appellant's refusal to accept direct payment in the past could have been admitted to show, *inter alia,* a common scheme or plan, it should be noted that the trial court, when it refused to admit such testimony, specifically instructed the jury not to consider any statement made in that regard as evidence. In the context in which these statements were made, and in the light of the overwhelming evidence presented against appellant, we affirm the judgment (cf. *People v Crimmins,* 36 NY2d 230). Rabin, Acting P. J., Titone and O'Connor, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: CPL 280.10 (subd 1) requires the court to grant a mistrial: "Upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him of a fair trial." In this case at least two such fundamental errors occurred and the appellant's motion for a mistrial, made on each occasion, should therefore have been granted. The appellant, with others, was convicted of criminal sale of a controlled substance in the first and second degrees and of criminal possession of a controlled substance in the second, third (two counts) and fifth degrees (the possession counts were subsequently dismissed as lesser included offenses). The crimes were

committed on December 20, 1973. In testifying with regard to the transactions which took place on that day, a police officer, over objection, stated that the appellant told him that the last package which he had sold the officer had too much s— in it. The appellant claimed that the police officer owed him $600. The officer replied that he owed appellant nothing because the last delivery was not good. Upon defendant's motion for a mistrial, the court was alerted to the fact that the previous sale was the subject matter of a separate indictment against the appellant. The court nevertheless denied the motion. In my opinion that denial requires a new trial. No matter how guilty a defendant may be, a conviction which rests upon proof of an uncharged crime may not stand unless such proof comes within a recognized exception (see *People v Grutz,* 212 NY 72; *People v Dales,* 309 NY 97; *Coleman v People,* 55 NY 81). I see no such exception here. The conversation could readily have been redacted so as to exclude the transaction which was the basis of the separate indictment and which merely tended to show a predisposition to commit the crime with which the appellant was charged. Further fundamental error along the same line was committed when the police officer testified that, in concluding the transaction, the appellant told him to give the $1,500 for the drugs to Denise Bostick, a codefendant, and that "on previous occasions, he refused the money and always told me to give it to Denise". The latter portion of the statement was volunteered information by the police officer which was unresponsive to the question asked and immediately brought forth a motion for a mistrial. The court denied the motion and instructed the jury to disregard the statement saying, "It is not evidence in this case". That comment by the court could not have erased the damage inherent in the "previous occasions" statement. *People v Jackson* (39 NY2d 64, 67–68) is not authority to the contrary, for, in that case, all of the transactions took place within minutes of each other and were, in fact, "offered for a relevant purpose other than to establish criminal propensity". The purpose was "to prove that appellant and Stephanie Watson were acting in concert." There was no such question here, for the police officer's testimony of a purchase from the appellant on the date specified in the indictment was unequivocal and there was no issue of a possible erroneous identification. In my opinion the facts here come directly within the line of cases typified by *People v Fiore* (34 NY2d 81), in which Chief Judge Breitel, speaking for a unanimous court in reversing a judgment of conviction, said (p 83): "Defendant contends that there was reversible error in admitting proof, over objection, that the architect on the project had previously made unlawful payments to defendant. Defendant had never been indicted for these payments. Under the facts presented there was no proper purpose for such proof on the case in chief and the conviction should therefore be reversed." Since, in my opinion, the foregoing errors necessitate a reversal and a new trial, I do not deem it necessary to discuss the other alleged errors urged by the appellant in his brief.