■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL McCRAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 12, 1973, convicting him of criminal sale of a dangerous drug in the second degree and criminal possession of a dangerous drug in the second and fourth degrees, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a dangerous drug in the second and fourth degrees, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed (see *People v Lee,* 39 NY2d 388). Appellant stands convicted of having sold a substantial amount of heroin, nine ounces, to two undercover police officers on December 9, 1972. The testimony established that Officer Brown first met appellant in September, 1972, but that drugs were not discussed until November 1, 1972. On November 9 drugs were again discussed. It appears that appellant actually sold drugs to Brown on the latter date and that that sale was the subject of a separate indictment which was pending at the time of the instant trial; however, that sale was never mentioned on the prosecution's direct case, where detailed testimony was elicited only as to conversations between appellant and the officer on November 29, December 2 and December 9, 1972. The subject sale was consummated on the latter date. More particularly, Officer Brown gave appellant $4,400 of the $8,000 purchase price and appellant left. Later, appellant's brother, Jobie McCray, a codefendant, drove Brown and his partner to a house appellant owned; Brown paid the remainder of the purchase price and received the heroin from Jobie McCray and Helen McCray, appellant's alleged common-law wife, who was also a codefendant. On the entire record, we do not find reversal to be warranted by Officer Brown's testimony as to meetings and conversations with appellant prior to December 9, or his testimony as to statements made by appellant and Helen McCray on the latter date suggesting past narcotics dealings with others (Helen McCray's statement was ruled not to be binding upon appellant). It should be borne in mind that the meetings and conversations prior to December 9 pertained to, were preliminary to, and ultimately led to, the narcotics transaction on December 9 which was the subject of the instant indictment (see *People v Vails,* 43 NY2d 364, affg 56 AD2d 939). Although some of this background testimony might have been unnecessary, it did not prejudicially focus the jury's attention upon the narcotic trade in general, as was the case in *People v Maldonado* (50 AD2d 556) and *People v Philpot* (50 AD2d 822). (See, also, *People v Stanard,* 32 NY2d 143.) Nor was this a close case in which the jury had difficulty reaching a verdict, as in *People v Green* (35 NY2d 437). During the course of the cross-examination of Officer Brown by counsel for codefendant Helen McCray, notwithstanding a warning from the court that counsel was proceeding in a dangerous area, counsel asked whether Brown had given appellant more than $4,000 and then simply let him leave the premises without getting anything in return. In response, Brown blurted out that he had done business with appellant before and that he was reliable. The court overruled appellant's objection and denied his motion for a mistrial, but did direct that the question and answer be stricken from the record. Brown's remark was improper but, in our view, was not a calculated attempt to bolster appellant's criminality and, considering the record as a whole, must be deemed harmless, particularly in the light of the overwhelming proof of appellant's guilt (see *People v Crimmins,* 36 NY2d 230). Furthermore, we do not believe that appellant was deprived of a fair trial by certain remarks made by the Assistant District Attorney in her summa-

tion. Considered in context, the remarks were generally fair comment upon the defense summations, were not inflammatory, and did not improperly suggest that existence of any damaging evidence of guilt dehors the record. As conceded by the People, under the facts of this case, the drug possession counts are lesser included offenses of criminal sale in the second degree; we have modified the judgment accordingly. Mollen, P. J., Damiani, Suozzi and O'Connor, JJ., concur; Shapiro, J., concurs in the result, with the following memorandum: In my opinion the defendant did not get a fair trial and is entitled to a reversal for the same reasons as were set forth in my dissent in *People v Vails* (56 AD2d 939). However, the Court of Appeals affirmed in that case (43 NY2d 364). Accordingly, I concur in the result.