■ In the Matter of RONALD C., a Person Alleged to be a Juvenile Delinquent. — Order unanimously reversed, on the law and facts, and petition dismissed, without costs. Memorandum: This is an appeal from an order of Family Court adjudicating the respondent a juvenile delinquent based upon a finding that he committed acts which, if done by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law, § 145.00, subd 1) and possession of burglar's tools (Penal Law, § 140.35). Respondent, 13 years of age, along with three other youths, was observed playing a Pac-Man video game in a pizzeria. The owner of the store subsequently discovered that the change door of the video machine was broken. When respondent was questioned about whether he caused the damage to the machine, he and his friends ran down the street and were thereafter arrested by a juvenile-aid police officer. The officer arrested the four boys and transported them to the police station. While respondent was being detained and interrogated, an officer discovered two screwdrivers and a bag of vegetable matter on the floor of the patrol car in which the boys were transported to the police station. An officer came into the room where respondent was being held and dropped the items on a desk directly in front of the respondent. Respondent said "the screwdrivers are mine, but the other isn't." The statement was admitted into evidence at respondent's fact-finding hearing over objection by his counsel that it was the product of an unlawful detention not based on probable cause, and secured while respondent was being interrogated in the absence of his parents and without having been advised of his *Miranda* rights.

The statement should not have been admitted. Juveniles are entitled to the same due process of law as adults (see *Matter of Gregory W.,* 19 NY2d 55, 61). The police may not seize a suspect, transport him to a police station and detain him for custodial

interrogation without probable cause (see *Dunaway v New York,* 442 US 200). Respondent was seized when he was stopped on the street and forced into the police car (see *Terry v Ohio,* 392 US 1, 16). At that time, there was no objective evidence that respondent had committed a crime. No one observed him either damage the video machine or possess the screwdrivers. The three other youths had equal access to the video machine at all times the respondent was present in the pizzeria. Thus, the arrest of respondent was not based on probable cause (see *People v Carrasquillo,* 54 NY2d 248; *People v Oden,* 36 NY2d 382; *People v Brown,* 24 NY2d 421, 423). Moreover, once the respondent was taken into custody, the police did not act in accordance with section 305.2 of the Family Court Act (see *Matter of Aaron D.,* 30 AD2d 183) because the statement was obtained in the absence of respondent's parents (Family Ct Act, § 305.2, subds 3, 4) and without the benefit of *Miranda* warnings (Family Ct Act, § 305.2, subd 7). Lastly, the statement should not have been admitted because given the fact that respondent was only 13 years of age and unaccompanied by his parents or counsel, the police should have known that their action in placing the screwdrivers in front of respondent was reasonably likely to elicit from him an incriminating response (see *Rhode Is. v Innis,* 446 US 291, 301). Thus, the statement should not have been admitted because the police did not honor respondent's right against self incrimination (see *People v Ferro,* 63 NY2d 316).

Moreover, a review of the record shows that the proof at trial was insufficient to support either the charge of possession of burglar's tools or criminal mischief. (Appeal from order of Erie County Family Court, Sedita, J. — juvenile delinquency.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.