■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ATSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered February 3, 1986, convicting him of criminal possession of stolen property in the first degree, attempted burglary in the third degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the defendant's conviction of possession of burglar's tools, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On October 4, 1984, at about 11:50 P.M., two police officers observed the defendant and a codefendant, not a party to this appeal, exiting through a chain link fence which encloses the Phoenix Beverage Company warehouse. The police were responding to a radio call of a burglary in progress at the premises and had arrived on the scene almost immediately after receiving the call. As the officers approached in an unmarked car, the defendant and the codefendant ran toward a vehicle parked nearby and the defendant opened the car door. The defendant and the codefendant then started to run away from the car, were chased by the officers, and were quickly apprehended. After placing the defendant and the codefendant under arrest, the police officers returned to the vehicle and found the motor running. A search of the vehicle revealed that the ignition had been pulled out, the dashboard was defaced and a slotted screwdriver lay on the floor below the steering wheel. It was subsequently discovered that the vehicle was stolen. One of the officers inspected the warehouse and found that a corrugated steel bay door had been pried open far enough to allow entry into the building.

We find, upon a review of the record, that the jury had sufficient circumstantial evidence before it to find the defendant guilty of criminal possession of stolen property in the first degree, attempted burglary in the third degree and criminal mischief in the fourth degree. With respect to such

charges, the evidence of guilt excluded to a moral certainty every reasonable hypothesis of innocence *(see, People v Betancourt,* 68 NY2d 707; *People v Sanchez,* 61 NY2d 1022). However, the People did not sustain their burden of proving the defendant guilty beyond a reasonable doubt of possession of burglar's tools. Penal Law § 140.35 requires possession of a tool, instrument or other article adapted or commonly used for committing or facilitating offenses involving forcible entry where the possessor intends to use the tool in the commission of an offense involving forcible entry. The record merely reveals that the screwdriver was found inside the stolen car with no evidence being offered to show that the defendant ever possessed the screwdriver or intended to use it for any crime. Although a screwdriver can be considered a burglar's tool and circumstantial evidence can be used to establish the requisite intent *(People v Borrero,* 26 NY2d 430), no reasonable inference of possession or intent by the defendant was demonstrated. The evidence at trial as to this charge was purely circumstantial, which cannot sustain a conviction where reasonable inferences consistent with innocence exist *(see, Matter of Ronald C.,* 107 AD2d 1053; *People v Perez,* 7 AD2d 633).

We find that the prosecutor's remarks during summation with respect to certain police officers' testimony were proper. The defense counsel had opened the door to such comments by placing the credibility of the officers' testimony in issue. The prosecutor was, therefore, entitled to make a fair response to the defense counsel's comments *(see, People v Street,* 124 AD2d 841, *lv denied* 69 NY2d 834; *People v Freeman,* 123 AD2d 784, *lv denied* 69 NY2d 711).

The court's charge regarding flight from an alleged crime was proper. The charge included the statement that flight "may have an innocent explanation" and went on to explain that, if the jury found such an innocent explanation, they must totally disregard the evidence of the defendant's flight *(see, People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679; *People v Porrata,* 119 AD2d 704).

We have reviewed the defendant's other contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Santana,* 125 AD2d 427; *People v Torres,* 118 AD2d 821, *lv denied* 68 NY2d 672). Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.