■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD VICKERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 4, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of five to fifteen years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of two to six years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant sold a vial of cocaine to an undercover officer. At trial, the undercover officer identified the defendant as the perpetrator of the crime. Although a search of the defendant did not reveal any drugs or prerecorded money, that fact was before the jury, which had the opportunity to weigh the evidence and resolve issues of credibility *(see, People*

*v Gaimari,* 176 NY 84; *People v Gamble,* 173 AD2d 555). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the sentence was excessive to the extent indicted herein. We have reviewed the defendant's remaining contentions and find they do not require reversal. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.