■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 22, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted based upon evidence that he handed several white packets to an individual in exchange for an unknown amount of money; that shortly after this exchange, the police recovered seven white packets of cocaine from underneath the car seat of the individual to whom the

defendant had handed the packets; and that an experienced narcotics officer identified the recovered packets as the same packets that had been exchanged by the defendant. No drugs or money were found on the defendant when he was arrested two hours after the exchange. The defendant contends, upon appeal, that the evidence was legally insufficient, that the verdict was against the weight of the evidence, and that the prosecutor's comments prevented him from receiving a fair trial. We find that the defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt irrespective of the fact that no drugs or money were found on the person of the defendant. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]) since the evidence establishes that the defendant exchanged cocaine for money. Although the defendant points out minor inconsistencies in the witnesses' testimony, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86).

Further, the prosecutor's characterization of the area where the exchange took place as a "drug-prone location", and of the defendant as a "sophisticated drug dealer" did not prevent the defendant from receiving a fair trial. Generally, a prosecutor cannot comment on matters not in evidence (People v Ochoa, 86 AD2d 637), and during summation cannot ask the jury to draw a conclusion not fairly inferrable from the evidence (People v Ashwal, 39 NY2d 105). We find the remarks regarding the location were a fair comment on the evidence that the narcotic officers were assigned to that location to purchase and observe the sale of narcotics, and in fact had made a drug purchase at that location earlier in the day. Although the comment characterizing the defendant as a "sophisticated drug dealer" was improper, the court's curative instructions to the jury eliminated any prejudice to the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.