■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BLACKSTOCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 30, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The instant appeal involves charges that arose from a "buy and bust" operation that occurred at the corner of Ocean Avenue and Crooke Avenue in Brooklyn on December 5, 1989. The trial testimony established that after an undercover police officer bought two vials of crack cocaine at the corner, he radioed the backup team with a detailed description of the seller. Approximately three minutes after the sale, the defendant, who matched the description given by the undercover officer, except for the color of his shoes, was arrested on that

same corner and a prerecorded $10 bill was recovered from his pocket. The defendant testified at trial that he was not the man who sold drugs to the undercover officer.

On appeal, the defendant claims that the prosecutor committed reversible error in summation by vouching for his own witnesses, denigrating the defendant by rhetorically asking what "interest" the defendant had in fabricating his version of the events, and inflaming the jury by warning that the defendant was "just another drug dealer in our city", where drug sales "are taking place on every corner".

We note that the remarks challenged on appeal were not objected to at trial and are thus unpreserved for appellate review (see, CPL 470.05 [2]). In any event, the prosecutor's remarks regarding the credibility of the police officers and of the defendant constituted a fair response to the defense counsel's characterization of the People's case, inter alia, as the product of a police coverup, and was therefore proper (see, People v Atson, 139 AD2d 520; People v Street, 124 AD2d 841).

Moreover, the prosecutor did not improperly vouch for unsworn witnesses when he remarked that the defendant was, in effect, claiming the "[s]ix police officers—in fact, we know there were more, but at least six testified here—framed Samuel Blackstock". This was a proper response to the defense counsel's reference to the defendant's allegation that he was searched and threatened by another officer who did not testify at trial. Additionally, since the trial testimony did establish that at least one other officer was involved in the operation, the prosecutor's remark was a fair comment on the evidence.

The People acknowledge that the prosecutor's remarks that the defendant is "just another drug dealer" and that "drug sales are taking place on every corner" were inappropriate. However, in light of the overwhelming evidence of the defendant's guilt, these comments do not warrant reversal (see, People v Walker, 127 AD2d 868; People v Roopchand, 107 AD2d 35, affd 65 NY2d 831). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.