OPINION OF THE COURT
Robert J. Rossi, J.
The instant petitions charge the 12-year-old respondent with committing acts which if committed by an adult would constitute the crimes of unlawful imprisonment in the second degree and endangering the welfare of a child.
At the fact-finding hearing, the only evidence submitted by *107 the petitioner consisted of a certified copy of the Town of Dewitt police reports on this incident. These reports included affidavits of the nine-year-old victim and an eyewitness. No live witnesses were called by either side.
The issue is: Can the allegations of a juvenile delinquency petition be proven when the only evidence consists of a certified copy of police reports including witness affidavits?
This court believes that the answer clearly is no.
It is well established that "the Due Process Clause is applicable in juvenile proceedings.” (Schall v Martin, 467 US 253, 263 [1984].) This means that "[j]uveniles are entitled to the same due process of law as adults”. (Matter of Ronald C., 107 AD2d 1053 [4th Dept 1985].)
The procedure utilized here by the County Attorney in seeking to avoid their obligation to produce live witnesses at the hearing by offering as the only evidence the entire police file including the victim’s statement clearly is violative of the respondent’s due process rights since it denies him the fundamental right to confront and cross-examine his accusers. It also fails to meet the requirement of Family Court Act § 744 which requires that only competent evidence may be admitted at these hearings.
In this regard, the petitioner has argued that all these records were admissible as an exception to the hearsay rule under CPLR 4518. That statute codifies the "business records” exception to the hearsay rule. Although under certain circumstances police files may be admissible in these proceedings, this court is not prepared to accept the affidavits of the victim and the eyewitness. Clearly, these witnesses were under no business duty to impart any information to the police and accordingly, their statements cannot be admitted under the business records exception of CPLR 4518.
To reiterate, this practice of merely utilizing so-called business records to meet the burden of proof in juvenile proceedings cannot be condoned since it violates the respondent’s due process rights and the provisions of article 7 of the Family Court Act. (Matter of George C., 91 Misc 2d 875 [Fam Ct, NY County 1977].)
Accordingly, based upon the foregoing, it is the judgment and decision of this court that the petitioner has failed to meet the burden of proof and therefore the instant petitions are denied with prejudice.