■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 5, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the fourth degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of charges arising from a so-called "buy and bust" operation that occurred inside a grocery store located at 509 Crescent Street in Brooklyn on January 3, 1989. The trial testimony established that after an undercover officer bought two vials of crack cocaine inside the store, he radioed the backup team with a detailed description of the sellers. Approximately two or three minutes after the sale, the defendant, who matched one of the descriptions given by the undercover officer, was arrested in that same store. The defendant testified at trial that he did not sell drugs to the undercover officer.

On appeal, the defendant claims that reversible error took

place because in summation the prosecutor denigrated the defense and vouched for the credibility of the People's witnesses. However, the remarks challenged on appeal were not objected to at trial, and thus this contention is unpreserved for appellate review (CPL 470.05 [2]). In any event, the prosecutor's remarks regarding the credibility of the police officers and the defendant's testimony constituted a fair response to the defense counsel's characterization of the People's case and was therefore proper (see, People v Atson, 139 AD2d 520; People v Street, 124 AD2d 841). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.