■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PRUITT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J., at trial; Eng, J., at sentencing), rendered February 21, 1991, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Shortly before midnight on April 21, 1989, the defendant

shot and killed two men. One man was shot four times and the other was shot three times. The shootings occurred after the first victim, apparently intoxicated, tried to start a fight with the defendant's friend. The defendant stepped between them, initially to defuse the confrontation. The first victim resented his interference and engaged in a shoving match with the defendant, in the course of which he shoved the defendant hard. However, there was no evidence that he threatened the defendant with deadly force. The defendant took two steps back, pulled a pistol from his bag, yelled "Nobody move!" and told the first victim to back up, and then fired the gun at least six times, changing aim to enable him to shoot both victims, who were not standing together. The second victim, who was completely uninvolved in the confrontation, was shot in the back three times. Under the facts of this case, the trial court correctly refused to charge manslaughter in the first degree (Penal Law § 125.20 [1]), and manslaughter in the second degree (Penal Law § 125.15 [1]), as lesser-included offenses (see, People v Frazier, 156 AD2d 583; People v Moore, 135 AD2d 839).

We disagree with the defendant's further contention that he is entitled to a new trial because the trial court impermissibly excluded evidence of the victims' reputation in the community and the defendant's personal experiences, and refused to charge justification. A defendant on trial for homicide is not entitled to a justification charge unless he has a reasonable basis for believing that deadly force was about to be used against him (see, People v Goetz, 68 NY2d 96). Under the facts of this case, it is inconceivable that evidence of the victims' reputation in the community and the defendant's personal experiences could have justified the defendant's conduct, particularly in light of the defendant's testimony that, prior to the shootings, his relationship with the victims was "all right".

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.