■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON HOLMES, Appellant. [601 NYS2d 145] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 27, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no error in the Supreme Court's denial of the defendant's request to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree *(see,* Penal Law § 125.20 [1]), since there was no reasonable view of the evidence, when viewed in the light most favorable to the defendant, to support a finding that he intended only to cause serious physical injury rather than to kill the victim *(see,* CPL 300.50 [1]; *People v Martin,* 59 NY2d 704). Uncontroverted eyewitness testimony established that when the victim, a supermarket security guard, asked the defendant what was in his pockets, the defendant pulled out a so-called ".38 special" handgun and shot him and, after the victim fell to

the ground, shot him several more times in the chest at close range *(see, People v Evans,* 192 AD2d 671).

The defendant also contends that his conviction must be reversed pursuant to *People v Antommarchi* (80 NY2d 247), because the trial court conducted bench conferences with prospective jurors, in his absence, regarding their subjective view of their fitness to serve in this case. However, since the rule of *Antommarchi* is prospective only *(see, People v Mitchell,* 80 NY2d 519), and this trial took place prior to that decision, reversal is not required here.

In light of the defendant's criminal history and the nature of the instant offense, we find that the sentence imposed, the maximum permissible in this case, was not harsh or excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.