■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONNIE BOYKIN, Appellant. [604 NYS2d 753] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Byrne, J.), rendered May 1, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BOYKIN, Appellant. [602 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 8, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a detailed charge on the issue of identification was necessary in view of the fact that the only evidence against the defendant was the identification by the undercover officer is without merit. While an expanded charge on the issue of identification is desirable, it is not required as a matter of law *(see, People v Smith,* 100 AD2d 857). Since the defendant failed to present any evidence to counter the undercover officer's identification, it was only necessary that the court give a general instruction on weigh-

ing the witness's credibility, and instruct the jury that the identification must be proven beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273). We find the court's charge on the issue of identification to be proper.

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Ranghelle,* 69 NY2d 56; *People v Rivera,* 178 AD2d 620; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.