■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN KANE, Also Known as ANDRE KANE, Appellant. [616 NYS2d 554] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 16, 1991, under Indictment No. N13043/90, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and an amended judgment of the same court, also rendered October 16, 1991, under Indictment No. 2020/88, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree.

Ordered that the judgment and the amended judgment are affirmed.

The admission of background testimony of the police officers explaining generally what is a "buy and bust" operation and the roles played by the police officers helped the jury understand the actions of the police which led to the defendant's arrest, to explain why no drugs or buy money was recovered from the defendant who was arrested shortly after the sale, and did not impermissibly imply that the defendant was involved in a large-scale drug operation *(see, People v Williams,* 204 AD2d 183; *People v Pacheco,* 198 AD2d 59; *People v McCray,* 60 AD2d 895). Accordingly, the admission of that testimony was proper.

The prosecutor's statements in summation were either a fair response to the defense counsel's summation or were fair comment on the evidence adduced at the trial *(see, People v Sumpter,* 192 AD2d 628; *People v Thybulle,* 189 AD2d 790; *People v Torres,* 121 AD2d 663; *People v Oakley,* 114 AD2d 473).

The defendant's sentence was not excessive and should not be disturbed *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Lawrence, Santucci and Friedmann, JJ., concur.