■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HAWKINS, Appellant. [620 NYS2d 994] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 25, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of the legal sufficiency of the evidence was not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the court did not violate the defendant's right to be present during all material stages of the trial, as the court heard argument by the People, in the defendant's presence, regarding the sole conviction that the court would have permitted to be utilized on cross-examination if the defendant testified *(see, People v Smith,* 82 NY2d 254).

Furthermore, the admission of background testimony of the police officers explaining the general nature of a so-called "buy and bust" operation served to help the jury understand the actions of the police which led to the defendant's arrest and to explain why no drugs or "buy" money was recovered from the defendant, who was arrested shortly after the sale *(see, People v Kane,* 207 AD2d 846; *see also, People v Williams,* 204 AD2d 183).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.