■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIJOS, Appellant. [623 NYS2d 308] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered January 6, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 11, 1991, the defendant was arrested in an undercover "buy and bust" narcotics operation. No drugs or pre-recorded money were recovered from the defendant at the time of his arrest. The parties stipulated that the *Sandoval* ruling at a prior trial which had ended in a mistrial would apply to the defendant's second trial. In the stipulation, the parties agreed that the prosecutor could inquire whether the defendant had a prior felony conviction, but could not inquire into the underlying facts of his prior narcotics conviction. In his direct case, the defendant's counsel asked the defendant "[a]re you sure you were not selling drugs on November 11 of 1991?" to which the defendant replied "I don't sell. I found that problem last time and I'm sorry about it".

When the defense "opens the door" on an issue in question, the witness is subject to impeachment by the prosecution's use of the otherwise precluded evidence *(see, People v Fardan,* 82 NY2d 638). The trial court properly found that the defendant "opened the door" to inquiry into his prior narcotics conviction by volunteering testimony which discussed the underlying crime.

The admission of background testimony of the police officers giving a general explanation of what constitutes a "buy and bust" operation and the roles played by the police officers helped the jury understand the actions of the police which led to the defendant's arrest, and to explain why no drugs or pre-recorded money was recovered from the defendant. Accordingly, the admission of that testimony was proper *(see, People v Kane,* 207 AD2d 846).

We have considered the defendant's remaining contentions

and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.