■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX SIERRA, Appellant. [624 NYS2d 438] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 17, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 28, 1991, the defendant was arrested in an undercover "buy and bust" narcotics operation. An undercover officer purchased two vials of crack cocaine from the defendant, paying him $10 in pre-recorded money. The defendant was arrested by a field team, and the officers recovered the pre-recorded money and seven additional vials of crack cocaine.

The trial court correctly ruled that if the defendant chose to testify, admitted to possessing the seven vials, but denied intending to sell them, the People could then inquire into his prior narcotics convictions.

Evidence of prior criminal acts to prove intent is often unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself *(People v Jackson,* 193 AD2d 621).* However, evidence of prior illegal narcotic sales is admissible as rebuttal evidence against a criminal defendant who has been charged with intent to sell illegal narcotics, admits possession, but denies that he intended to sell those drugs *(People v Hernandez,* 71 NY2d 233, 245).

The background testimony of the police officers which explained the nature of a "buy and bust" operation and the roles of the officers in that operation assisted the jury in understanding the actions of the police which led to the defendant's arrest and the use of pre-recorded money in these operations. Accordingly, the admission of that testimony was proper *(see, People v Kane,* 207 AD2d 846).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Rivera,* 73 NY2d 941; *People v Thomas,* 200 AD2d 642). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.