■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. [627 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 11, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his claims of error with respect to the admission of background evidence offered to explain that it is not unusual that no purchase money be recovered, and the prosecutor's remark that the courtroom should be sealed for the undercover officer's testimony (see, People v Tevaha, 84 NY2d 879; People v Walker, 139 AD2d 546).

In any event, the brief and limited background evidence by the sergeant supervising this "buy and bust" operation was properly admitted, and was not unduly prejudicial or sugges-

tive *(see, People v Kane,* 207 AD2d 846; *People v Tevaha,* 204 AD2d 92, *affd* 84 NY2d 879, *supra).*

The prosecutor's remark does not warrant reversal *(cf., People v Roman,* 35 NY2d 978). Any prejudice that might have been caused by the remark could have been cured by a prompt curative instruction which the defendant expressly declined to seek *(see, People v Diaz,* 112 AD2d 311). In any event, in light of the strong evidence of the defendant's guilt and the court's subsequent instructions not to give a police officer greater credibility than that afforded to other witnesses, any error was harmless *(see, People v Crimmins,* 36 NY2d 230).

Finally, the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.