■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME E. BROWN, Appellant. [636 NYS2d 821] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered October 5, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the evidence against him was legally insufficient because the police failed to recover the pre-recorded money used by the undercover officer to purchase narcotics (*see*, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Hawkins*, 210 AD2d 504; *People v Vickers*, 177 AD2d 608). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's claim that the police were improperly permitted to testify as experts without being so qualified is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Tevaha*, 84 NY2d 879). In any event, allowing police officers to give background testimony to explain how so-called "buy and bust" operations are conducted is proper for the purpose of assisting the jury in understanding the actions of the police which lead to a defendant's arrest, how the officers conduct the actual purchase, and why pre-recorded money is not always recovered (*see, e.g., People v Ramos*, 215 AD2d 785; *People v Hawkins, supra*).

Also unpreserved for appellate review is the defendant's assertion that reversible error took place due to certain comments made by the prosecutor in her summation (*see*, CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953). In any event, while the prosecutor's characterization of the defendant and the codefendant as "drug dealers" and her suggestion that they had to "keep their customers satisfied", thus implying an ongoing operation, were inappropriate comments, these errors were harmless in light of the overwhelming evidence of the

defendant's guilt (*see, People v Crimmins*, 36 NY2d 230; *People v Blackstock*, 184 AD2d 775, 776).

The defendant's sentence was not excessive (*People v Suitte*, 90 AD2d 80). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.