◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL CLAUSELL, Appellant. [636 NYS2d 823] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered October 5, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the arresting officer lacked probable cause to arrest him. The descriptions of the defendant and his codefendant transmitted by the undercover officer who made a purchase of narcotics in this so-called "buy-and-bust" operation were sufficiently detailed (*see, People v Petralia*, 62 NY2d 47, *cert denied* 469 US 852; *People v Pacheco*, 192 AD2d 625; *People v Landry*, 187 AD2d 732).

The defendant has not preserved for appellate review his claim that the evidence against him was legally insufficient because the police failed to recover the pre-recorded money used by the undercover officer to purchase narcotics (*see*, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Hawkins*, 210 AD2d 504; *People v Vickers*, 177 AD2d 608). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

Also unpreserved for appellate review is the defendant's contention that the police were improperly permitted to testify as experts without being so qualified (*see*, CPL 470.05 [2]; *People v Tevaha*, 84 NY2d 879). In any event, allowing police officers to give background testimony to explain how so-called "buy and bust" operations are conducted is proper for the purpose of assisting the jury in understanding the actions of the police

which lead to a defendant's arrest, how the officers conduct the actual purchase, and why pre-recorded money is not always recovered (*see, e.g., People v Ramos*, 215 AD2d 785; *People v Hawkins, supra*).

The defendant has not preserved for appellate review his claim that reversible error took place due to certain comments made by the prosecutor in her summation (*see*, CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953). In any event, while the prosecutor's characterization of the defendant and the codefendant as "drug dealers" and her suggestion that they "had to keep their customers satisfied", thus implying an ongoing operation, were inappropriate comments, these errors were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230; *People v Blackstock*, 184 AD2d 775, 776). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.