■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED ROBERTSON, Appellant. [712 NYS2d 421] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered March 3, 1997, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE TATE, Appellant. [712 NYS2d 414] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 23, 1996, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is unnecessary to reach the defendant's contention that the court's refusal to charge manslaughter in the first degree

as a lesser-included offense of intentional murder constituted error, as the defendant was acquitted of intentional murder but convicted of depraved indifference murder (*see, People v Colon,* 209 AD2d 428). In any event, the trial court properly refused to charge manslaughter in the first degree as a lesser-included offense, as there was no reasonable view of the evidence which would allow a jury to find that the defendant committed the lesser offense but not the greater (*see,* CPL 300.50; *People v Van Norstrand,* 85 NY2d 131, 135; *People v Dennis,* 208 AD2d 945; *People v Holmes,* 196 AD2d 555; *People v Evans,* 192 AD2d 671; *People v Pruitt,* 190 AD2d 692; *People v Ochoa,* 142 AD2d 741).

The defendant's contention concerning allegedly improper summation comments made by the prosecutor is unpreserved for appellate review, as no objection to those comments was made in the trial court (*see,* CPL 470.05 [2]; *People v Mapp,* 245 AD2d 307). In any event, most of the comments now being challenged were a fair response to statements made in the defense counsel's summation (*see, People v Brown,* 187 AD2d 723; *People v Cox,* 161 AD2d 724, 725), and to the extent that any remarks were improper, the error was harmless in light of the overwhelming evidence of the defendant's guilt and the court's curative instructions to the jury (*see, People v Brown,* 223 AD2d 597; *People v Rivera,* 178 AD2d 620, 621). Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.