■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON BROWN, Appellant. [727 NYS2d 330] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered February 24, 1998, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

fendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 11, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 6, 1998, an undercover officer was engaged in a "buy and bust" operation in the vicinity of Nostrand Avenue and Pacific Street in Brooklyn. After expressing a desire to buy drugs, the officer was directed to the defendant by the defendant's accomplice. The officer used $10 in prerecorded money to purchase one packet of cocaine from the defendant, who was standing on the sidewalk at a table displaying oils and incense. The sale was witnessed by a second undercover "ghost officer" who was positioned nearby. After completion of the transaction, the defendant entered and then exited a store at the location, while both officers radioed the backup team, providing detailed descriptions of the defendant. The defendant was apprehended at the scene shortly thereafter. The police recovered five dollars in prerecorded money from the defendant's person.

The defendant argues that the characterization of him in the prosecutor's opening and closing statements as being in the "business" of selling drugs deprived him of a fair trial by suggesting that he had engaged in other drug sales. However, by failing to specifically object to these comments at trial, the defendant has not preserved his argument for appellate review (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, any error must be deemed harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Brown,* 223 AD2d 597; *People v Clausell,* 223 AD2d 598; *People v Blackstock,* 184 AD2d 775). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.