■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE HERNANDEZ, Appellant. [746 NYS2d 610]

It is unnecessary to reach the defendant's contention that the trial court's refusal to charge manslaughter in the first degree as a lesser-included offense of intentional murder constituted error, as the defendant was acquitted of intentional murder but convicted of depraved indifference murder (*see People v Tate,* 275 AD2d 380). In any event, the trial court did not err when it refused to instruct the jury with respect to manslaughter in the first degree as a lesser-included offense of intentional murder, or manslaughter in the second degree as a lesser-included offense of depraved indifference murder. Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offenses but not the greater (*see People v Reese,* 271 AD2d 551).

The defendant's contention concerning the prosecutor's allegedly improper summation comments is unpreserved for appellate review, as no objection to those comments was made at the trial (*see* CPL 470.05 [2]). In any event, most of the comments now being challenged were a fair response to statements made in the defense counsel's summation and to the extent that any remarks were improper, the error was harmless in light of the overwhelming evidence of the defendant's guilt and the court's curative instructions to the jury (*see People v Tate,* 275 AD2d 380).

In addition, the defendant was not denied meaningful representation (*see People v Benevento,* 91 NY2d 708; *People v Ford,* 86 NY2d 397).

The defendant's remaining contention is without merit. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.