■ The People of the State of New York, Respondent, v Christopher Johnson, Appellant. [751 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 7, 2001, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal use of drug paraphernalia in the second degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence.

■ The People of the State of New York, Respondent, v Larry Johnson, Appellant. [753 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), rendered May 11, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support a finding that the People disproved the defense of agency and established the defendant's guilt beyond a reasonable doubt (*see People v Herring,* 83 NY2d 780, 782-783). The defendant initiated a relationship with an undercover police officer who was a complete stranger, immediately understood the officer's request for "One 20," requested to enter the officer's vehicle, and directed the officer to another location, where he took the officer's pre-recorded

money to a nearby house, and returned with a quantity of cocaine. Based on this evidence, the jury's finding that the defendant was not acting as a mere agent of the buyer should not be disturbed (*compare People v Gonzales,* 66 AD2d 828).

The Supreme Court properly admitted into evidence the property receipt furnished by the defendant as collateral in the drug transaction with the undercover officer. The relevance of the receipt outweighed any prejudice to the defendant (*see People v Leach,* 196 AD2d 508, 509).

The Supreme Court properly allowed the police officers to give background testimony as to so-called "buy and bust" operations. This testimony was "proper for the purpose of assisting the jury in understanding the actions of the police which lead to a defendant's arrest, how the officers conduct the actual purchase, and why pre-recorded money is not always recovered" (*People v Clausell,* 223 AD2d 598, 598-599; *see People v Sierra,* 213 AD2d 685). While the undercover officer's testimony that drug money is recovered in a "very small percentage" of buy and bust cases was improper (*see People v Kelsey,* 194 AD2d 248), it was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 241-242).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.