■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADANJEANDEL SOSTRE, Appellant. [894 NYS2d 122]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 2, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the second degree for the shooting death of Chase Brown. The defendant contends that the Supreme Court erred in denying his request to charge the jury with manslaughter in the first degree (*see* Penal Law § 125.20 [1]) as a lesser-included offense, arguing that the jury reasonably could have concluded that the defendant intended to cause serious physical injury and not death (*see* CPL 300.50 [1]; *People v James*, 11 NY3d 886, 888 [2008]; *People v Green*, 56 NY2d 427 [1982]; *People v Dennis*, 208 AD2d 945, 946 [1994]). There was evidence adduced at trial that the defendant, at a distance of two or three feet, fired four shots into Chase's body, two of them into his chest, piercing the heart and liver (*see People v Rielly*, 190 AD2d 695, 697 [1993]). There was also eyewitness testimony elicited that the defendant continued to fire at Chase after he had fallen to the ground (*see People v Holmes*, 196 AD2d 555, 555-556 [1993], *cert denied* 510 US 1128 [1994]).

Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Henderson*, 41 NY2d 233, 236 [1976]), we find that there was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury to Chase rather than kill him (*see People v Seabrooks*, 27 AD3d 494 [2006]; *People v Kelly*, 221 AD2d 661, 662 [1995], *cert denied* 517 US 1200 [1996]; *People v Dennis*, 208 AD2d at 946; *People v Holmes*, 196 AD2d 555 [1993]; *People v Rielly*, 190 AD2d at 697). Accordingly, the Supreme Court correctly denied the defendant's request to charge manslaughter in the first degree as a lesser-included offense. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.