■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROBERTS, Appellant. [904 NYS2d 509]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Firetog, J.), rendered May 22, 2008, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the first degree for the shooting death of the victim, committed during the course of a robbery. The defendant contends that the Supreme Court erred in denying his request to charge the jury with manslaughter in the first degree (see Penal Law § 125.20 [1]) as a lesser-included offense (see CPL 300.50 [1]; People v James, 11 NY3d 886, 888 [2008]; People v Stevens, 186 AD2d 832 [1992]). There was evidence adduced at trial that the defendant shot the victim five times at close range, that several of those shots were fired after the victim had already fallen to the ground, and that the shots penetrated the victim's lungs, spleen, and vertebral column. Viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705 [1983]; People v Henderson, 41 NY2d 233, 236 [1976]), we find that there was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury to the victim rather than to kill him (see People v Sostre, 70 AD3d 865 [2010], lv denied 14 NY3d 844 [2010]; People v Seabrooks, 27 AD3d 494 [2006]; People v Kelly, 221 AD2d 661 [1995], cert denied 517 US 1200 [1996]; People v Holmes, 196 AD2d 555 [1993], cert denied 510 US 1128 [1994]). Accordingly, the Supreme Court correctly denied the defendant's request to charge manslaughter in the first degree as a lesser-included offense.

The defendant's contentions regarding the prosecutor's use of a defense witness's signed written statement to impeach that witness's credibility are unpreserved for appellate review because the grounds urged by the defendant on appeal were not specifically raised in any objection made to the trial court (see CPL 470.05 [2]; People v Clark, 37 AD3d 487, 488 [2007]; People v Jones, 25 AD3d 724 [2006]). In any event, the contention is without merit since, before introducing the prior inconsistent statements, the prosecutor properly apprised the defense witness of the time, place, and substance of the prior statements, and permitted the witness to explain any discrepancies (see People v Wise, 46 NY2d 321, 325 [1978]; People v Duncan, 46 NY2d 74, 80 [1978], cert denied 442 US 910 [1979]).

Although the prosecutor was properly permitted to ask that same defense witness, on cross examination, about his refusal to testify on behalf of the People in accordance with the cooperation agreement that he had previously signed, we agree with the defendant's contention that, with regard to two questions

on this topic, the prosecutor improperly impeached the witness by injecting his own credibility into the trial (*see People v Bailey*, 58 NY2d 272 [1983]; *People v Paperno*, 54 NY2d 294, 301 [1981]; *People v Ramashwar*, 299 AD2d 496 [2002]; *cf. People v King*, 175 AD2d 266 [1991]). However, without reference to this error, the evidence of the defendant's guilt, which included footage from a surveillance video, a written admission, a videotaped admission, and DNA matches, was overwhelming, and there is no reasonable possibility that this error might have contributed to the defendant's conviction. Thus, the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Angiolillo, Leventhal and Austin, JJ., concur.