Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 30, 2009, convicting her of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court erred in permitting the People to elicit testimony that the narcotics found in the lining of the suitcases she was carrying could be converted into heroin is unpreserved for appellate review (see CPL 470.05 [2]; People v Torres, 96 AD3d 881 [2012]; People v Jones, 9 AD3d 374, 375 [2004]). However, we reach the issue pursuant to our interest of justice jurisdiction. Although evidence is relevant if it tends to prove the existence or nonexistence of a material fact, not all relevant evidence is admissible (see People v Primo, 96 NY2d 351, 355 [2001]). A court has the discretion to exclude relevant evidence if its probative value is outweighed by risks such as “undue prejudice to the opposing party, confusing the issues or misleading the jury” (id. at 355). “Evidence ‘of merely slight, remote or conjectural significance’ will ordinarily be insufficiently probative to outweigh these countervailing risks” (id. at 355-356, quoting People v Feldman, 299 NY 153, 169-170 [1949]). Contrary to the People’s contention, the testimony that the 32 pounds of narcotics found in the suitcases could be converted into heroin, as well as the additional testimony that the street value of the narcotics would be approximately $4.5 million if so converted, was of insuf *766 ficient probative significance in proving the elements of knowing possession {see Penal Law § 220.21 [1]) and intent to sell {see Penal Law § 220.16 [1]) to outweigh the prejudicial impact of the admission of this evidence to the defendant (People v Primo, 96 NY2d 351, 355 [2001]; see People v Figueroa, 211 AD2d 811 [1995]; People v Jones, 201 AD2d 505 [1994]; People v Rodriguez, 184 AD2d 795 [1992]; People v Stevenson, 179 AD2d 832 [1992]). The prosecutor’s reference to such evidence during summation was improper as well (see People v Tucker, 87 AD3d 1077, 1081 [2011]; People v Wilkinson, 71 AD3d 249, 257 [2010]; People v Figueroa, 211 AD2d 811 [1995]).
Although the defendant’s contention that reversal is required because the prosecutor referred to the defendant as a “player” in the “game” of international heroin trafficking is unpreserved for appellate review (see CPL 470.05 [2]; People v Medina, 53 NY2d 951, 953 [1981]; People v Gill, 54 AD3d 965, 966 [2008]; People v Norman, 40 AD3d 1130, 1131 [2007]), we also reach this issue pursuant to our interest of justice jurisdiction. Such comments were improper (see People v Brown, 223 AD2d 597, 597-598 [1996]; People v Rivera, 178 AD2d 620, 621 [1991]). Nevertheless, the errors were harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the errors contributed to her conviction (see People v Arafet, 13 NY3d 460, 467 [2009]; People v Mack, 91 AD3d 794, 796 [2012]; People v Brown, 285 AD2d 472 [2001]; People v Claused, 223 AD2d 598 [1996]).
Furthermore, the defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). Eng, PJ., Florio, Sgroi and Miller, JJ., concur.