THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL PORTER, Appellant

Further, we reject defendant's argument that reversal of his conviction and dismissal of the indictment is warranted because the People preserved neither the "buy money" nor the photocopies made of that money. "In the absence of some showing suggesting that [either the 'buy money' or the photocopies of a part of that money] possessed some exculpatory value, a reversal for the failure to preserve evidence is not required" *(People v Frye,* 129 AD2d 985, 986, *lv denied* 72 NY2d 859), especially when, as here, the exculpatory value of the unpreserved evidence is purely speculative *(see, People v*

*Scattareggia,* 152 AD2d 679, 680; *People v Ramos,* 147 AD2d 718, *lv denied* 74 NY2d 817). Moreover, the record does not demonstrate that the People acted in bad faith in failing to preserve the missing evidence *(see, People v Haupt,* 71 NY2d 929).

Finally, a review of the court's charge on circumstantial evidence reveals that the jury properly was " 'instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " *(People v Ford,* 66 NY2d 428, 441, quoting *People v Sanchez,* 61 NY2d 1022, 1024). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.