■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ARTHUR DE JESUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 16, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in admitting testimony concerning uncharged drug sales, which occurred immediately before and after his commission of the indicted offense. We disagree. It is well established that evidence of uncharged crimes is admissible on the issue of the defendant's intent (see, People v Alvino, 71 NY2d 233, 245; People v Hernandez, 71 NY2d 233, 245; People v Wheeler, 140 AD2d 731; People v Bristow, 106 AD2d 510). We conclude that the admission of the uncharged drug sales was proper to prove that the defendant intended to sell the 18 vials of crack-cocaine retrieved at the time of his arrest (see, People v Silva, 187 AD2d 467; People v Green, 170 AD2d 530). Moreover, the court's limiting instructions served to prevent any possible prejudice resulting from the admission of that evidence.

The defendant's contention that the court erred in curtailing the cross-examination of a police officer is without merit. It is well established that the trial court has broad discretion to curtail exploration of collateral matters on cross-examination (see, People v Diaz, 173 AD2d 554). Here, it cannot be said that the trial court improvidently exercised that discretion.

The defendant's remaining contention concerning the court's charge is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.