■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSARIO, Appellant. [625 NYS2d 19] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 26, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

The trial court appropriately exercised its discretion at defendant's trial in absentia, in closing the courtroom during the testimony of the undercover officer, following a hearing at which the officer testified that he was then actively engaged in undercover narcotics operations, that he was then involved in several pending narcotics cases, that he was on call to return to the specific area of the instant sale, and that although he had no specific fear for his personal safety, he regularly took precautions to conceal his identity, had utilized a non-public entrance to the courthouse, and had a particular fear of revealing his unusual surname, so as to protect members of his family in the area sharing that unusual surname *(People v Martinez,* 82 NY2d 436).

The trial court properly denied defendant's application for a

limiting jury instruction regarding evidence of uncharged crimes on the ground that the People had not introduced any such evidence. To the extent that defendant elicited testimony that the police officers' attention was brought to defendant because he might have been engaged in drug activity, apparently in pursuit of the defense theory that the officers' actions in departing from their original tactical plan to approach defendant were suspect, he may not now claim that he was impermissibly prejudiced (see, People v Hayes, 175 AD2d 13, 14, lv denied 78 NY2d 1011). Concur—Rosenberger, J. P., Ellerin, Rubin, Ross and Tom, JJ.