■ The People of the State of New York, Respondent, v Richard Bastow, Appellant. [630 NYS2d 432] —Judgment unanimously modified on the facts and as modified affirmed in accordance with the following Memorandum: Defendant contends that inconsistencies in the testimony of one of the complainants, along with the exculpatory evidence presented by the defense, warrant reversal of his conviction of counts one through five of the indictment. We agree. When, as here, a dif-

ferent finding than that of the jury would not have been unreasonable, we must weigh the relative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from that testimony and, if we conclude that the trier of fact failed to give the evidence the weight it should be accorded, we must set aside the verdict *(see, People v Bleakley,* 69 NY2d 490, 495). In exercising that review, we are cognizant that the determinations of the trier of fact must be accorded great deference on appeal *(see, People v Cheatham,* 153 AD2d 566; *People v Garafolo,* 44 AD2d 86, 88).

We find that the conviction of defendant of counts one through five of the indictment is against the weight of the evidence. Complainant, who was 12 years old at the time of trial, testified regarding three incidents in which he was sexually assaulted by defendant. On direct examination, complainant detailed the manner of each sexual assault and when it occurred. He indicated that one of the incidents occurred after defendant picked him up from school following his suspension and that another occurred a few days after the Super Bowl. He also testified that, during one of the incidents, defendant's mother aided defendant by holding complainant down. On cross-examination, complainant changed his testimony concerning when the sexual assaults occurred and what happened during the assaults. He specified that one of the assaults occurred on Super Bowl Sunday. The record also shows that the testimony of complainant was inconsistent with a statement given by complainant to the police three days after the last of the alleged assaults. In that statement complainant gave a different account of the nature of each assault and when it occurred. Moreover, that statement made no mention of any involvement by defendant's mother. It was also adduced through the testimony of complainant's principal and teacher that the reputation of complainant for truthfulness was very poor. Additionally, defendant and his witnesses testified that defendant was not with complainant immediately following his suspension from school. Furthermore, the testimony of complainant concerning the sexual assault on Super Bowl Sunday was undercut by the testimony of a number of defense witnesses who stated that they were at defendant's home during that day and evening and that no sexual assault occurred. From our review of the evidence, we find that the trier of fact failed to give the evidence the weight it should be accorded *(see, People v Bleakley, supra),* and we reverse defendant's conviction under counts one through five of the indictment, vacate the sentences imposed thereon and dismiss those counts of the indictment *(see, People v Van Akin,* 197 AD2d 845; *People v Cheatham, supra; People v Garafolo, supra).*

Defendant further contends that reversal is mandated because the prosecutor improperly cross-examined him concerning his answers to a foster parent application, his relationship with a child he had befriended, his problems as a foster parent and his comments to a third party. Because defense counsel did not object to the questions concerning comments made by defendant to a third party, any impropriety in that questioning has not been preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review that issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We conclude that there is no merit to the contention of defendant that Supreme Court erred in allowing the prosecutor to question him concerning his foster care application, his problems as a foster parent and his relationship with that child.

We likewise reject the contention that prosecutorial misconduct on summation mandates reversal. Although the prosecutor on summation made inflammatory comments and improperly elicited sympathy for complainants (see, People v Grice, 100 AD2d 419, 422; People v Ivey, 83 AD2d 788, 789), reversal is not mandated because those comments did not deprive defendant of a fair trial (see, People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837; People v Rubin, 101 AD2d 71, 77).

Defendant further contends that the court abused its discretion in denying his motion for a mistrial on the ground that the prosecutor improperly asked defendant whether he had refused to take a polygraph test. When the prosecutor asked that question, the court sustained the objection of defense counsel and, after denying the mistrial motion, the court gave a pointed curative instruction to dissipate any prejudice arising from the question. Under those circumstances, we conclude that there is no error in the court's refusal to grant a mistrial (see, People v Lester, 99 AD2d 611, 612).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Sodomy, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Bohem, JJ.