■ The PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant. [638 NYS2d 620] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered September 1, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (2 counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 6 to 12 years on the three felonies, and 1 year on the misdemeanor, unanimously affirmed.

Defendant's claim that the trial court improperly admitted evidence of uncharged crimes is without merit. The testimony complained of related to defendant's intent to sell, provided background information, and was inextricably interwoven with the crimes charged, and its probative value outweighed any prejudice (*People v Hernandez*, 216 AD2d 11, *lv denied* 86 NY2d 795; *People v Perez*, 221 AD2d 258). Moreover, the court gave sufficient limiting instructions to the jury respecting that evidence, and we presume that the jury followed those instructions (*People v Davis*, 58 NY2d 1102; *People v Till*, 87 NY2d 835, 836-837). To the extent that some of the testimony arguably suggesting that defendant sold drugs on previous occasions was brought out by defense counsel, defendant cannot now claim prejudice (*People v Rosario*, 214 AD2d 345, *lv denied* 86 NY2d 801). We do not find the sentence imposed to be un-

duly harsh or severe. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.