█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE VIRGO, Appellant. [641 NYS2d 770] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for sentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and two counts of criminal use of drug paraphernalia in the second degree. He contends that his conviction of criminal possession of a controlled substance in the first degree is not supported by legally sufficient evidence because the People failed to establish that he had the requisite knowledge of the weight of the controlled substance he was charged with possessing. We agree (see, *People v Ryan*, 82 NY2d 497; *People v Lewis*, 213 AD2d 1065, *lv denied* 86 NY2d 782). We conclude, however, that the evidence is sufficient to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the third degree pursuant to Penal Law § 220.16 (12). Therefore, we modify the judgment by reducing the conviction of criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the third degree and by vacating the sentence imposed thereon, and we remit the matter to Onondaga County Court for sentencing on that conviction (see, CPL 470.20 [4]; *People v Collier*, 216 AD2d 946).

Defendant has failed to preserve for our review his contention that the court impermissibly changed the theory of the indictment in its charge (see, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they are unavailing. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.