■ The People of the State of New York, Respondent, v James J. Moody, Appellant. [645 NYS2d 375] —Judgment unanimously affirmed. Memorandum: There is no merit to the

contention of defendant that County Court erred in allowing prosecution witnesses to testify regarding a prior uncharged drug crime. That testimony was properly admitted to prove that defendant possessed cocaine at the time in question with intent to sell (*see, People v Hernandez,* 71 NY2d 233, 245-246; *People v Stephens,* 209 AD2d 999, *lv denied* 84 NY2d 1039). Further, the probative value of the testimony exceeded its potential prejudicial effect, and the People properly obtained a prior ruling on its admissibility (*see, People v Ventimiglia,* 52 NY2d 350).

Defendant was not deprived of a fair trial when a prosecution witness referred to the fact that defendant was on parole at the time of his arrest. The court immediately instructed the jury to disregard that testimony, thereby ameliorating any possible prejudice to defendant (*see, People v Arce,* 42 NY2d 179, 187; *People v Johnson,* 219 AD2d 809, *lv denied* 87 NY2d 903). The contention that defendant was denied a fair trial by the prosecutor's subsequent reference to defendant's parole hearing was not preserved for our review by timely objection and, in any event, there was not a flagrant or pervasive pattern of prosecutorial misconduct such that defendant was deprived of a fair trial (*see, People v Koningsberg,* 137 AD2d 142, 147-148, *lv denied* 72 NY2d 912, *lv denied on reconsideration* 72 NY2d 1046).

Reversal is not required by defendant's absence from an in-chambers *Sandoval* hearing because the subsequent proceeding held on the record in defendant's presence constituted a de novo *Sandoval* hearing (*see, People v Russell,* 191 AD2d 1001, *lv denied* 81 NY2d 1019). The court did not abuse its discretion in allowing defendant to be cross-examined regarding five prior petit larceny and robbery convictions. The crimes involved dishonesty and were relevant to defendant's credibility (*see, People v Sandoval,* 34 NY2d 371; *People v Rodriguez,* 181 AD2d 841).

Defendant's contention that the evidence is insufficient to sustain the conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, defendant's sentence is neither unduly harsh nor severe. (Resubmission of Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan, and Davis, JJ.