■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE NESMITH, Appellant. [648 NYS2d 370] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for sentencing in accordance with the following Memorandum: Defendant contends that his conviction of criminal possession of a controlled substance in the third degree is not supported by legally sufficient evidence because the People failed to establish that he had the requisite knowledge of the weight of the controlled substance in his possession. We agree (*see, People v Ryan,* 82 NY2d 497; *People v Virgo,* 226 AD2d 1092; *People v Lewis,* 213 AD2d 1065, *lv denied* 86 NY2d 782). We conclude, however, that the evidence is sufficient to sustain a conviction of the lesser included offense of criminal possession of a controlled substance in the seventh degree pursuant to Penal Law § 220.03. Therefore, we modify the judgment by reducing the conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed thereon, and we remit the matter to Supreme Court for sentencing on that conviction (*see,* CPL 470.20 [4]; *People v Collier,* 216 AD2d 946).

We reject defendant's contention that the court erred in refusing to give a missing witness charge. The People established that the testimony of that witness, a police officer, would only be cumulative (*see, People v Gonzalez,* 68 NY2d 424; *People v Morris,* 159 AD2d 934, *lv denied* 76 NY2d 793). We have considered the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.