■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALE MADDOX, Appellant. (Appeal No. 1.) [685 NYS2d 149] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not err in denying defendant's motion for a *Wade* hearing. The viewing of defendant by the undercover police officers 12 minutes after the drug transaction was merely confirmatory (*see, People v Wharton,* 74 NY2d 921, 922-923; *People v Carter,* 212 AD2d 722, *lv denied* 86 NY2d 733).

The court did not abuse its discretion in denying defendant's request to impose sanctions for the People's failure to preserve and make available to defendant the $10 bill used as "buy money" in the drug transaction. A photocopy of the $10 bill was furnished to defendant and admitted into evidence at trial; the bill itself had been recycled into the police department's "buy money" fund. The record does not demonstrate that the People acted in bad faith in failing to preserve the bill or that defendant was prejudiced thereby (*see, People v Brister,* 239 AD2d 513, *lv denied* 90 NY2d 938; *People v Morrison,* 235 AD2d 501, *lv denied* 89 NY2d 1038; *People v Porter,* 179 AD2d 1018, 1018-1019, *lv denied* 79 NY2d 1006; *People v Riviere,* 173 AD2d 871, *lv denied* 79 NY2d 831), especially in the absence of some

showing that the bill was exculpatory (*see, People v Porter, supra,* at 1018-1019).

There is no merit to the contention of defendant that the court erred in permitting the undercover police officers to testify regarding a prior uncharged drug crime involving a drug sale made immediately before the drug sale involved here. That testimony was properly admitted as evidence that defendant possessed cocaine at the time in question with the intent to sell (*see, People v Alvino,* 71 NY2d 233, 245-246; *People v Moody,* 229 AD2d 936, *lv denied* 89 NY2d 926). Further, the probative value of such evidence exceeded its potential for prejudice (*see, People v Alvino, supra,* at 242), and any prejudice to defendant was minimized by the court's limiting instruction regarding the prior sale (*see, People v Rodriguez,* 224 AD2d 346, *lv denied* 88 NY2d 969; *People v Dais,* 222 AD2d 1045, *lv denied* 91 NY2d 890).

The court did not abuse its discretion in denying the motion of defendant for a mistrial based upon the prosecutor's comments during summation and the objections made by the prosecutor to defense counsel's summation. The conduct of the prosecutor was not so egregious or prejudicial as to deprive defendant of a fair trial (*see generally, People v Galloway,* 54 NY2d 396, 401; *see also, People v Bastow,* 217 AD2d 930, 932, *lv denied* 86 NY2d 872).

The court did not err in denying defendant's request for a missing witness charge with respect to a police officer who had participated in the arrest of defendant. Although defendant met his initial burden of demonstrating entitlement to the charge, the People established that the testimony of the officer would be only cumulative (*see, People v Gonzalez,* 68 NY2d 424, 428; *People v Nesmith,* 231 AD2d 941, *lv denied* 89 NY2d 1039).

Finally, defendant contends that the court abused its discretion in denying his request, made at the close of the People's case, that the indictment be dismissed as a sanction for the failure of the People to provide him with a piece of paper on which Police Officer Anderson made notes of the description of the seller in the drug buy. The officer made the notes while the description was being broadcast over the police radio by the undercover officers who had participated in the drug buy. Officer Anderson did not testify at trial, nor were his notes provided to defendant. His partner testified that he heard the broadcast and saw Officer Anderson write something down on a piece of paper; however, he did not know where the piece of paper was. The undercover officers testified that they had

broadcast the description of defendant over the police radio. It is not clear from the record whether the notes made by Officer Anderson described defendant. If the notes contained a description of the suspect, they may be regarded as a written statement directly relating to the testimony of the officers at trial, and the notes therefore constitute *Rosario* material that "might have assisted counsel in cross examining the undercover officer" (*People v Smith*, 182 AD2d 787, 788, *lv denied* 80 NY2d 910; *cf., People v Williams*, 229 AD2d 603, *lv denied* 89 NY2d 931). We therefore hold the case, reserve decision and remit the matter to Supreme Court for a determination regarding the contents of the notes taken by Officer Anderson. Further, because we are unable to determine whether "the People fail[ed] completely to provide the material to the defendant even though they continue to possess it" or whether the *"Rosario* evidence has been lost or destroyed and cannot be produced" (*People v Martinez*, 71 NY2d 937, 940), we remit for a determination of that issue as well. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.