■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. [687 NYS2d 386] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 21, 1997, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order to sustain convictions for criminal sale and criminal possession of a controlled substance based upon accessorial liability, the evidence presented must prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crimes charged, i.e., he knew that the substance in question was a controlled substance, and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided his codefendant in the commission of the crimes (*see, People v Kaplan,* 76 NY2d 140; *People v Coulter,* 240 AD2d 756; Penal Law §§ 20.00, 220.39 [1]; § 220.16 [1]; § 220.03). Viewing the evidence in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant intentionally aided his codefendant in the sale and possession of heroin (*see, People v Wylie,* 180 AD2d 774). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's further contention that reversible error occurred by reason of the prosecutor's remarks during summation is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Coker,* 135 AD2d 723). In any event, the prosecutor's statements did not exceed the broad bounds of rhetorical comment permissible in closing arguments (*see, People v Galloway,* 54 NY2d 396). The prosecutor's statements were either reasonably inferable from the evidence (*see, People v Ashwal,* 39 NY2d 105) or fair responses to arguments raised by defense counsel during summation (*see, People v Rivera,* 158 AD2d 723). S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.