■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTY VILLANUEVA, Appellant. [702 NYS2d 893] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 22, 1997, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in admitting testimony concerning uncharged drug sales which occurred before his commission of the indicted offense. We disagree. It is well established that evidence of uncharged crimes is admissible on the issue of the defendant's intent (*see, People v Alvino,* 71 NY2d 233; *People v De Jesus,* 189 AD2d 774). Here, evidence of the uncharged drug transactions was properly admitted as proof of the defendant's intent to possess a controlled substance (*see, People v De Jesus, supra*).

We reject the defendant's contention that his trial counsel, in failing to object to the admission of "expert" testimony of police witnesses on the use of brand names by heroin dealers, deprived him of effective assistance of counsel. It is well settled that police witnesses are permitted to give limited background testimony about the practices of drug dealers (*see, People v Ralph M.,* 226 AD2d 478, 479; *People v Ramos,* 215 AD2d 785), even without a formal ruling that the officer is an expert (*see, People v Graves,* 202 AD2d 240, *affd* 85 NY2d 1024). Moreover, viewing the defense counsel's conduct in its entirety, the defendant was not deprived of meaningful representation (*see, People v Benevento,* 91 NY2d 708, 712; *People v Flores,* 84 NY2d 184, 187).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.