■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MADDOX, Appellant. [708 NYS2d 769] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) arising out of the execution of a search warrant at an apartment in the City of Geneva. There is no merit to the contention of defendant that he was deprived of a fair trial by the admission of evidence of uncharged crimes. It is well established that evidence of uncharged crimes may be admitted to establish the intent element of a crime (*see, People v Alvino,* 71 NY2d 233, 245; *People v Molineux,* 168 NY 264, 293-294). Here, evidence of uncharged drug transactions was properly admitted as proof

that defendant possessed the cocaine found inside the apartment with the intent to sell it (*see, People v Alvino, supra,* at 245-246; *People v Villanueva,* 269 AD2d 473; *People v Maddox,* 256 AD2d 1066, 1067). The probative value of such evidence far exceeded its potential for prejudice (*see, People v Alvino, supra,* at 242), and any prejudice to defendant was minimized by County Court's limiting instructions (*see, People v Maddox, supra,* at 1067; *People v Rodriguez,* 224 AD2d 346, *lv denied* 88 NY2d 969). In addition, the testimony that defendant threatened a woman who was expected to testify against him, although evidence of a prior bad act, was properly admitted on the issue of consciousness of guilt (*see, People v Pugh,* 236 AD2d 810, 812, *lv denied* 89 NY2d 1099; *People v Reyes,* 162 AD2d 357, *lv denied* 76 NY2d 896).

Defendant was not denied due process of law by any delay in the prosecution of the appeal because he failed to demonstrate any prejudice as a result of such delay (*see, People v Cousart,* 58 NY2d 62, 68; *People v Nelli,* 259 AD2d 1046, *lv denied* 93 NY2d 927; *People v Foley,* 203 AD2d 952, *lv denied* 83 NY2d 967).

The fact that defendant was sentenced to a term of incarceration greater than that offered as part of a pretrial plea offer does not render the sentence unduly harsh (*see, People v Rogers,* 245 AD2d 1041, 1041-1042), nor is the sentence otherwise unduly harsh or severe.

We further conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). The contention that defendant was deprived of a fair trial by the prosecutor's objections and prejudicial comments has not been preserved for our review (*see,* CPL 470.05 [2]). In any event, we conclude that the prosecutor's conduct did not deprive defendant of a fair trial (*see, People v Greening,* 254 AD2d 739, 740, *lv denied* 92 NY2d 1032). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.