(November 28, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN KENNEDY, Appellant. [715 NYS2d 804] —Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered February 9, 1998, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant waived indictment and entered a plea of guilty to a charge of attempted rape in the first degree pursuant to a plea agreement providing that he would be sentenced as a second felony offender to a determinative term of six years in prison. During the plea allocution, defendant informed County Court that he had discussed the matter with his attorney, had enough time to talk to his attorney and make a decision, and was satisfied with the representation that he had been given. Additionally, defendant answered affirmatively when he was asked if he understood that, as a result of accepting the plea, he was waiving his right to appeal.

Prior to imposing sentence on defendant, County Court noted that it had received a statement pursuant to CPL 400.21 indicating that defendant had previously been convicted of a felony in Massachusetts. However, this statement indicated only the date of arrest and no date of conviction. Defendant declined to controvert the statement and, when asked if he had been convicted of a drug charge, answered, "Yes, I did. I did it. That is completed." Additionally, through counsel, defendant asserted that although he was not aware of the exact dates involved, he had been incarcerated. The court then found that defendant had a prior felony conviction and thus could be sentenced as a second felony offender pursuant to Penal Law § 70.06. Defendant made no objection to this finding. In accordance with the plea agreement, defendant was sentenced to a determinative term of six years in prison. Defendant now appeals.

Defendant contends that the sentence should be vacated and the case remitted to determine if he had a valid predicate conviction because of the People's failure to comply with the requirements of CPL 400.21. The People argue that defendant waived the issue of the accuracy of the statement by not controverting the allegations at the time of sentencing. CPL 400.21 (2) states, in pertinent part, that "[w]hen information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have previously been subjected to a predicate felony conviction, a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate felony conviction." Although the record here shows a failure to comply with CPL 400.21, defendant waived strict compliance by acknowledging the prior felony conviction in open court and not objecting to County Court's finding as to the prior conviction (*see, People v Harris*, 233 AD2d 959, *lv denied* 89 NY2d 1094; *People v Rivers*, 184 AD2d 921, 922, *lv denied* 80 NY2d 933; *see also, People v Shaffer*, 144 AD2d 182, 183).

Defendant's remaining contentions have been considered and found to be without merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.