■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD MAYNARD, Also Known as TERRELL ADAMS, Appellant. [740 NYS2d 915] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered October 5, 1999, convicting defendant after a nonjury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of criminal sale of a controlled substance in the third degree (Penal Law §§ 20.00, 220.39 [1]) and criminal possession of a controlled substance in the third degree (§§ 20.00, 220.16 [1]), and sentencing him as a second felony offender to concurrent terms of incarceration of 5½ to 11 years. Contrary to defendant's contention, the verdict is not against the weight of the evidence and the conviction is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495). Supreme Court was entitled to credit the testimony of an undercover police officer that defendant handed him the drugs, despite the fact that the officer, in a memorandum made at the same time as the arrest, wrote that the drugs were placed on the table by a codefendant (*see generally People v Matthews*, 159 AD2d 410, *lv denied* 76 NY2d 861). The undercover officer testified that defendant escorted him to a place where he could purchase the drugs, handed him the drugs, and invited him to return should he need more. He further testified that defendant had the recorded "buy" money in his possession at the time of his arrest. That testimony establishes each element of the crimes charged, and it cannot be said that the court, as the trier of fact, failed to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495; *People v Addison*, 259 AD2d 417, *lv denied* 93 NY2d 965).

Defendant contends that the court erred in failing to conduct a suppression hearing. Defendant withdrew his request for a suppression hearing, however, and thus waived his present contention (*see People v Flores*, 177 AD2d 647, *lv denied* 79 NY2d 947). Defendant further contends that the court erred in failing to comply with CPL 400.21 in sentencing him as a second felony offender. Defendant waived strict compliance with that section when he admitted the predicate felony (*see*

*People v Kennedy,* 277 AD2d 814, 815, *lv denied* 96 NY2d 760). Contrary to the further contentions of defendant, he received effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147), and the sentence, which is only slightly more than the minimum permissible sentence, is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.