■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MILEY, Appellant. [761 NYS2d 183] —Judgment,

Supreme Court, New York County (Edwin Torres, J.), rendered November 13, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490 [1987]). The evidence, viewed as a whole, clearly warranted the conclusion that defendant acted in concert with another person in possessing two plastic bags of cocaine that together weighed seven eighths of an ounce (*see* Penal Law §§ 20.00, 220.16 [12]).

The court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense of third-degree possession. There was no reasonable view of the evidence, viewed most favorably to the defendant, that defendant only possessed one of the plastic bags and thus was only guilty of the lesser crime (*see People v Scarborough*, 49 NY2d 364, 371-374 [1980]). Both bags were recovered from the codefendant, and, under the facts, defendant was either guilty of acting in concert in the possession of both bags, or was not guilty of possessing either bag.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks constituted fair comment on the evidence in response to defense counsel's summation and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.