Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered May 3, 2002, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). Contrary to defendant’s contention, the evidence is legally sufficient to establish defendant’s complicity in the possession of cocaine (see People v Miley, 306 AD2d 164, 165 [2003]; People v Maynard, 294 AD2d 866 [2002], lv denied 98 NY2d 699 [2002]; People v Rodriguez, 259 AD2d 571 [1999]). Moreover, the verdict is not against the weight of the evidence (see Miley, 306 AD2d at 165; Maynard, 294 AD2d at 866; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject the contention of defendant that he was deprived of effective assistance of counsel. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Yelle, 303 AD2d 1043, 1044 [2003]). The “claimed deficiencies in counsel’s performance do not undercut” that conclusion (People v Benevento, 91 NY2d 708, 714 [1998]; see People v Ralston, 303 AD2d 1014, 1015 [2003], Iv denied 100 NY2d 565 [2003]; People v Hines, 300 AD2d 1036, 1036-1037 [2002], Iv denied 99 NY2d 615 [2003], cert denied — US —, 124 S Ct 211 [2003]). The sentence is not unduly harsh or severe. Present — Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.