■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE R. CARSON, Appellant. [771 NYS2d 775]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered February 18, 2000. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant was acquitted of criminal possession of a controlled substance in the third degree (§ 220.16 [1] [possession with intent to sell]). Defendant contends that County Court erred in allowing a prosecution witness to testify regarding a prior drug sale. We disagree. That testimony was properly admitted to establish that defendant possessed cocaine with the intent to sell it (*see People v Hernandez,* 71 NY2d 233, 245-246 [1987]; *People v Maddox,* 272 AD2d 884, 884-885 [2000], *lv denied* 95 NY2d 867; [2000] *People v Moody,* 229 AD2d 936 [1996], *lv denied* 89

NY2d 926) [1996]. The probative value of that testimony outweighed any prejudice to defendant (*see Maddox,* 272 AD2d at 885; *Moody,* 229 AD2d at 937; *People v Matos,* 190 AD2d 819 [1993], *lv denied* 81 NY2d 973 [1993]), and "any prejudice to defendant was minimized by [the court's] limiting instructions" (*Maddox,* 272 AD2d at 885; *see People v Dais,* 222 AD2d 1045, 1046 [1995], *lv denied* 91 NY2d 890 [1998]). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Miley,* 306 AD2d 164, 165 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Rodriguez,* 259 AD2d 571 [1999]), and the sentence is neither unduly harsh nor severe. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.