■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. LAWS, Also Known as SLICK, Appellant. [812 NYS2d 200]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered February 13, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts) and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) arising from his constructive possession of cocaine found in a house. Defendant contends that Supreme Court erred in permitting the People to present circumstantial evidence that he had been involved in prior drug transactions in order to establish

that he had the requisite intent to sell cocaine. We reject that contention. "The People normally might rest on the inference available, from defendant's possession of such a substantial quantity of drugs, that he intended to sell them. They were not required to do so, however, and evidence of prior uncharged crimes was admissible to show the necessary mental state required for the crime" of criminal possession of a controlled substance in the third degree (*People v Alvino*, 71 NY2d 233, 245 [1987]). In any event, we conclude that any error in the admission of that testimony is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Dais*, 222 AD2d 1045, 1046 [1995], *lv denied* 91 NY2d 890 [1998]). Defendant failed to object to the court's ultimate *Sandoval* ruling and therefore failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see* CPL 470.05 [2]; *People v O'Connor*, 19 AD3d 1154 [2005], *lv denied* 5 NY3d 831 [2005]; *People v Englert*, 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.