■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK O. RAY, Appellant. [880 NYS2d 837]—

Appeal from a judgment of the Ontario County Court (Craig

J. Doran, J.), rendered August 14, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant that he was unduly prejudiced by County Court's *Molineux* ruling. Evidence of uncharged crimes may be admissible if it is relevant to establish some element of the crime under consideration or if it falls within one of the recognized exceptions to the general rule precluding such evidence, i.e., it is relevant to demonstrate motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of defendant (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Ventimiglia*, 52 NY2d 350, 359 [1981]; *People v Molineux*, 168 NY 264, 293-294 [1901]; *People v Kocyla*, 167 AD2d 938, 939 [1990]). Here, testimony concerning defendant's prior uncharged drug transaction was properly admitted in evidence to demonstrate the mental state necessary for defendant's criminal possession of a controlled substance with the intent to sell (*see People v Laws*, 27 AD3d 1116 [2006], *lv denied* 7 NY3d 758 [2006]). In any event, the testimony was admissible "to complete the narrative of events leading up to the crime for which defendant [was] on trial" (*People v Mullings*, 23 AD3d 756, 758 [2005], *lv denied* 6 NY3d 756, 759 [2005]). We reject the further contention of defendant that he was denied a fair trial based on prosecutorial misconduct inasmuch as the prosecutor's comments "fell within the latitude afforded to attorneys in advocating their cause" (*People v Halm*, 81 NY2d 819, 821 [1993]). The contention of defendant that he was denied effective assistance of counsel involves matters outside the record and is thus properly raised by way of a motion pursuant to CPL article 440 (*see generally People v Barnes*, 56 AD3d 1171 [2008]).

Although we agree with defendant that the court erred in admitting his booking photographs in evidence, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant failed to preserve for our review his challenge to the court's ultimate *Sandoval* ruling (*see People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8

NY3d 990 [2007]). In any event, that challenge lacks merit inasmuch as the court did not abuse its discretion in allowing the prosecutor to question defendant with respect to the circumstances underlying defendant's prior convictions (*see People v Reid*, 34 AD3d 1273, 1274 [2006], *lv denied* 8 NY3d 884 [2007]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally id.*). The sentence is not unduly harsh or severe. Finally, defendant failed to preserve for our review his contention that the People improperly elicited testimony concerning his postarrest silence (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.