# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

541
KA 10-00057
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ORADO N. GRAHAM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frederick G. Reed, A.J.), rendered November 6, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant's contention, County Court properly admitted uncharged crimes as *Molineux* evidence on the People's direct case because that evidence was relevant with respect to defendant's intent to sell the controlled substance in his possession (see § 220.16 [1]), and we conclude that its probative value outweighed any prejudice (*see People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838; *People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797). Furthermore, the court gave a limiting instruction that minimized any prejudicial effect (*see People v Rogers*, 103 AD3d 1150, 1153, *lv denied* 21 NY3d 946). Even assuming, arguendo, that the court erred in admitting such evidence, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Laws*, 27 AD3d 1116, 1117, *lv denied* 7 NY3d 758; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered: May 9, 2014                          Frances E. Cafarell
                                              Clerk of the Court