Appeal from a judgment of the Monroe County Court (Frederick G. Reed, A.J.), rendered November 6, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Contrary to defendant’s contention, County Court properly admitted uncharged crimes as Molineux evidence on the People’s direct case because that evidence was relevant with respect to defendant’s intent to sell the controlled substance in his possession (see § 220.16 [1]), and we conclude that its probative value outweighed any prejudice (see People v Ray, 63 AD3d 1705, 1706 [2009], lv denied 13 NY3d 838 [2009]; People v Carson, 4 AD3d 805, 806 [2004], lv denied 2 NY3d 797 [2004]). Furthermore, *1585 the court gave a limiting instruction that minimized any prejudicial effect (see People v Rogers, 103 AD3d 1150, 1153 [2013], lv denied 21 NY3d 946 [2013]). Even assuming, arguendo, that the court erred in admitting such evidence, we conclude that the error is harmless. The evidence of defendant’s guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see People v Laws, 27 AD3d 1116, 1117 [2006], lv denied 7 NY3d 758 [2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Present—Scudder, PJ., Fahey, Lindley, Valentino and Whalen, JJ.