# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

869

KA 13-00428

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CLIFFORD C. ANDERSON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [c]). Contrary to defendant's contention, County Court properly admitted uncharged crimes as *Molineux* evidence on the People's direct case because that evidence was relevant to defendant's intent to violate the order of protection and was admissible " 'to develop the necessary background and [to] complete the victim's narrative' " (*People v Erle*, 83 AD3d 1442, 1444, *lv denied* 17 NY3d 794; *see People v Alvino*, 71 NY2d 233, 242; *People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838). We further conclude that the probative value of such evidence outweighed any prejudice (*see People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797; *see also Ray*, 63 AD3d at 1706).

Even assuming, arguendo, that the court erred in admitting such evidence, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Laws*, 27 AD3d 1116, 1117, *lv denied* 7 NY3d 758; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, the sentence is not unduly harsh or severe.