People v Credell (2018 NY Slip Op 03278)





People v Credell


2018 NY Slip Op 03278


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


534 KA 16-00005

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL CREDELL, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
DARNELL CREDELL, DEFENDANT-APPELLANT PRO SE.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 30, 2015. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). At trial, a confidential informant identified defendant as the man who sold him drugs. This testimony was corroborated by an audio recording of the transaction, as well as by the undisputed fact that the informant entered the subject apartment with buy money and exited it with crack cocaine. Morever, while testifying in his own defense, defendant essentially admitted to being the informant's drug dealer. There is no basis to disturb the jury's credibility determinations. Thus, contrary to defendant's contention, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence on the element of identity (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In fact, a different verdict would have been unreasonable (see generally id.).
Contrary to defendant's further contention, County Court properly admitted evidence of his prior uncharged drug sales to prove his intent to sell in connection with the crimes charged, as well as to complete the narrative of events leading up thereto (see People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]; People v Ray, 63 AD3d 1705, 1706 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; People v Tabora, 139 AD2d 540, 541 [2d Dept 1988], lv denied 72 NY2d 925 [1988]). We reject defendant's related contention that the prejudicial effect of such evidence outweighed its probative value (see People v Lee, 129 AD3d 1295, 1298 [3d Dept 2015], lv denied 27 NY3d 1001 [2016]; Whitfield, 115 AD3d at 1182). In any event, any error in admitting the disputed evidence is harmless (see People v Graham, 117 AD3d 1584, 1585 [4th Dept 2014], lv denied 23 NY3d 1037 [2014]).
Defendant next contends that the court erred in refusing to suppress a scale recovered pursuant to a search warrant. Even assuming, arguendo, that the scale should have been suppressed, we conclude that any error is harmless (see People v Burdine, 147 AD3d 1471, 1472 [4th Dept 2017], amended on rearg 149 AD3d 1626 [4th Dept 2017], lv denied 29 NY3d 1076 [2017]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and we conclude that none warrants relief.
Finally, we note that the uniform sentence and commitment form must be corrected to reflect that defendant was convicted of criminal possession of a controlled substance in the third degree under count two of the indictment and not under count one, as it currently states.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court